IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY GARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 2:05CV549-W |
| | ) |
| MONTGOMERY COUNTY BOARD OF | ) |
| EDUCATION, CARLINDA PURCELL in | ) |
| her official capacity as Superintendent of the | ) |
| Montgomery County Board of Education, | ) |
| JIMMY BARKER in his individual and | ) |
| official capacity as assistant superintendent | ) |
| of Montgomery County Board of Education, | ) JURY DEMAND |
| JACKY TODD, in his individual and official | ) |
| capacity as Director of Logistic, MIKE | ) |
| STRENGTH, in his individual and official | ) |
| capacity as supervisor of Logistics, MARK | ) |
| CASILLAS, in his individual and official | ) |
| capacity as Director of Support Personnel, | ) |
| and Defendants "A," "B,"and "C," whether | ) |
| singular or plural, those other persons, | ) |
| corporations, firms or other entities whose | ) |
| true and correct names are unknown to | ) |
| Plaintiff at this time, but will be substituted | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**COMES NOW** Bobby Garrison, Plaintiff, and for his complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

1

## JURISDICTION

1. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e. Plaintiff is alleging a violation of his rights under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. Section 1983. Plaintiff invokes this Court's pendent jurisdiction as the laws of the State of Alabama regarding Wantonness.

## VENUE

2. Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f)(3) and 28 U.S.C. Section 1391(b) and U.S.C.A. Section 1391(b).

## PARTIES

3. The Plaintiff, Bobby Garrison, hereinafter referred to as "Plaintiff" is a forty (47) year old African-American male resident of the United States and the State of Alabama, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendants at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff was also an employee of Defendants' within the meaning of Title VII.

4. The Defendant, Montgomery County Board of Education, hereinafter referred to as "the Board" is a County entity and body corporate and politically organized under the

laws of the State of Alabama to operate public schools within Montgomery County, Alabama.

5. The Defendant, Carlinda Purcell, hereinafter referred to as "Purcell", is currently the superintendent of schools for the Montgomery County Public School System.

6. The Defendant, Jimmy Barker, hereinafter referred to as "Barker", is the assistant superintendent of schools for the Montgomery County Public School System.

7. The Defendant, Jacky Todd, hereinafter referred to as "Todd", is the director of Logistics for the Montgomery County Public School System.

8. The Defendant, Mike Strength, hereinafter referred to as "Strength", is the supervisor of Logistics.

9. The Defendant, Mark Casillas, hereinafter referred to as "Casillas", is the director of support personnel.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has fulfilled all conditions precedent to the institution of this action.

11. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

12. The incidents described below are part of a continuing series of discriminatory practices which constitute a continuing violation of Plaintiff's Title VII rights and 1983 rights.

## NATURE OF THE CASE

13 This lawsuit is brought by Bobby Garrison, (Plaintiff) seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discrimination involving promotion, compensation, assignments, and other terms and

conditions of employment as a result of Defendants failing to remedy systemic employment discrimination on the basis of race. The practices committed by Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and 42 U.S.C. Section 1983. Additionally, Plaintiff brings state claims for Wantonness. Plaintiff seeks compensatory and punitive damages where the law allows as provided under 42 U.S.C. Section 2002. In addition, Plaintiff seeks claims for attorney's fees as allowed under the law and court costs and such other and further relief at law and in equity to which Plaintiff is justly entitled. Finally, Plaintiff seeks compensatory as punitive damages for state law Wantonness claims.

## FACTUAL BACKGROUND

14. Plaintiff first began working for Defendants on or about April 15, 2002, in the Logistic Department in the position of Laborer I. During Plaintiff's tenure, Plaintiff was assigned to various tasks that were degrading and demoralizing. For example: On one occasion, Plaintiff was told by Mike Strength, supervisor, "Get out there and wash my car and wash Jacky Todd's car too." Similarly situated white employees were not subjected to such treatment. Plaintiff complained and reported these discriminatory practices, among others, to Jimmy Baker, Assistant Superintendent, Jacky Todd, Director of Logistic, Mark Casillas, Director of Support Personnel and to Clinton Carter, superintendent. No action to remedy the discriminatory practices was ever taken by Defendants.

15.     Whites employees are allowed, Mike Strength in particular, to demoralize black workers on a daily basis. Whites are hired and promoted over blacks no matter how inexperienced they are.

16.     On or about August 5, 2003, Ronnie Causey (Causey), white/male, and Plaintiff were assigned to pick up science kits. (Causey is a white employee who had been hired to work at Logistics as a Laborer II with the science kits). As Causey and Plaintiff were going to the truck, Causey stated "I am your boss and everything I tell you to do you have to do." Plaintiff disagreed. When they returned to Logistics, Plaintiff was told to report immediately to Jacky Todd's office. As Plaintiff entered the office, there assembled to Plaintiff's surprise, were Jacky Todd, director, Mike Strength, supervisor, Joe Allen, warehouse worker, Lewis Garner, and Ronnie Causey. They were already in the office and sitting when Plaintiff entered. Plaintiff was at a loss for words and feared losing his job. Plaintiff was told in so many words, to "stay in his place." When Plaintiff left the meeting, Plaintiff called his AEA representative and reported the incident to him. Plaintiff later wrote a letter to Mr. Todd expressing his concern about the way Plaintiff was treated in his office and how the matter was handled. As a result of this incident, Plaintiff became ill and was forced to go to his doctor. Plaintiff suffers with high blood pressure. As a result of this incident, Plaintiff's blood pressure and stress level were up for fear of losing his job and the encounter he experienced in Mr. Todd's office.

17.     Another demoralizing incident involved Mike Strength assigning Plaintiff and another black worker to go to Daisy Lawrence to clean out some computers. When Plaintiff and the other black employee got there, raw sewage was ankle deep. When

they reported the conditions in which they had to work, Strength stated that he didn't care, he wanted the computers cleaned out. Plaintiff and the worker had to work for two weeks in the most humiliating conditions removing those computers. Plaintiff reported the incident, but nothing was done. Plaintiff continued to work because Plaintiff needed his job.

18. Mike Strength assigned tasks such as cutting the grass, picking up paper and washing cars to blacks when work was slow at Logistics. Plaintiff was afraid to refuse for fear of losing his job, because Plaintiff did not have tenure. (Plaintiff reported the incident to Jerry Morris, and Mr. Morris told Plaintiff it was not his job to wash cars, cut grass, as they have a grass crew just for the purpose of cutting grass and picking up paper).

19. Plaintiff is a hard worker who believes in doing the best job possible. Plaintiff has over 20 years of experience in supervision with a successful track record working in a demanding, fast-paced environment requiring stamina, patience, time management skills and proven ability to work effectively with people and independently. Yet, at the time Plaintiff was hired, Plaintiff was hired as a Laborer I. However, Causey was hired as a Laborer II. Causey was no more qualified than Plaintiff. Plaintiff believes that his initial hire into the Laborer I position was pretext to prevent him from promotion and other benefits.

20. On or about November 2003, a Laborer III position became available. Plaintiff applied for the Laborer III position. Plaintiff arrived to work one morning in November and Plaintiff was ushered into Mr. Todd's office for an interview. When Plaintiff entered the office, Plaintiff was startled to see Mike Strength, Betty Smith, secretary to

Jacky Todd, sitting there. Mr. Todd stated that Plaintiff was being interviewed for the Laborer III position for which he had applied. Mark Casillas, support personnel, was not present for the interview. To Plaintiff's surprise, Plaintiff later learned through board minutes dated November 11, 2003, that Causey was being transferred to Laborer III, Logistics beginning October 14, 2003. Plaintiff felt this was grossly unfair and he was not given equitable treatment.

21.     Plaintiff appealed this incident to Barker. Plaintiff expressed his concerns to Barker about the demoralizing and inappropriate treatment of Black employees at Logistics and the fact that he had been passed over for promotion. On or about December 1, 2003, Plaintiff wrote a letter to the Montgomery County Board of Education to lodge a formal complaint against Mike Strength, Jacky Todd, and Montgomery Public Schools regarding their hiring practices, racial discrimination, and unfair demoralizing treatment of blacks in the Logistics Department.

22.     On or about December 17, 2003, Jerry Morris and Plaintiff made an appointment to meet Jimmy Barker at the Board of Education to seek resolution to Plaintiff's concerns. Mr. Barker listened to what Plaintiff had to say about the degrading and demoralizing conditions at Logistics. Barker assured Plaintiff that he would look into things and would be present at Plaintiff's next interview. Barker did not keep his promises.

23.     On or about January 20, 2004, Plaintiff again met with Barker to discuss his concerns and Plaintiff mentioned how Causey was hired at a higher grade and was afforded promotion when Plaintiff was not. Plaintiff expressed his concern that he had no one to assist him in finding a resolution to the degrading, demoralizing treatment on

the job, unfair promotion/hiring practices, and racial discrimination of Blacks in the Logistics Department. Nothing was ever done.

24. Plaintiff was terminated on July 12, 2004. Plaintiff was not afforded a reason as to why he was terminated. Plaintiff believes that he was terminated as a result of the blatant discriminatory practices at Logistics. In particular, Plaintiff believes that he has been discriminated against because of his race, black, in violation of Title VII of the 1964 Civil Rights Act, as amended.

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

25. Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein, and further alleges, anew.

26. In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of his race, African-American, in violation of Title VII (42 U.S.C. Section 2000(e). White employees were not, and are not treated in a similar fashion.

27. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## COUNT TWO

## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

28. Paragraphs 1 through 27 are herein realleged and incorporated by reference.

8

29. The constitutional deprivation alleged in paragraph 27 above was the result of the implementation and execution of the unconstitutional policies and customs alleged in paragraph 27 above by Defendant Jimmy Barker, Jacky Todd, Mike Strength, Mark Casillas and Fictitious Defendants "A," "B." and "C" who were employees.

30. Which knowledge is imputed to Defendants Montgomery County Board of Education and Carlinda Purcell.

31. Defendants Montgomery County and Carlinda Purcell were deliberately indifferent to the discriminatory acts when it failed to counsel and/or take action with regard to the discriminatory acts of Defendants Jimmy Barker, Jacky Todd, Mike Strength and Mark Casillas.

## COUNT THREE

## PENDENT CLAIMS

**Wantonness**

32. Paragraphs 1 through 31 are herein realleged and incorporated by reference.

33. Defendants knew or should have known that their conduct was tortuous and in disregard of Plaintiff's rights. Defendants' conduct was committed in the line and scope of their employment and the Board failed to take adequate steps to remedy the situation.

34. As a direct proximate result of the wanton training and supervision by the Board, Plaintiff suffered severe emotional distress, mental anguish, indignation, wounded pride, shame and despair.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race;

(c) A judgment declaring that Defendants violates 42 U.S.C. Section 1983;

(d) All backpay and fringe benefits from the date of his wrongful denial of said promotion, with interest;

(e) Attorney's fees;

(f) Costs;

(g) Prejudgment interest; and

(h) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

Juraldine Battle-Hodge (BAT033)