IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BOBBY GARRISON,

      Plaintiff,

-vs-
                                        Case No. 2:05-cv-549

MONTGOMERY COUNTY BOARD
OF EDUCATION, *et al.*,

      Defendants.

## ANSWER ON BEHALF OF DEFENDANTS MONTGOMERY COUNTY BOARD OF EDUCATION, CARLINDA PURCELL, JIMMY BARKER, JACKY TODD, MIKE STRENGTH, AND MARK CASILLAS TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Montgomery County Board of Education, Carlinda Purcell, Jimmy Barker, Jacky Todd, Mike Strength, and Mark Casillas (hereinafter referred to collectively as "these Defendants"), by and through their counsel of record, and respond separately and severally, to the Plaintiff's *Complaint* as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND DEFENSE

Defendant pleads accord and satisfaction.

### THIRD DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted.

### FOURTH DEFENSE

All Plaintiff's claims, as alleged in his *Complaint*, which occurred more than one hundred and eighty (180) days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

FIFTH DEFENSE

All of the Plaintiff's claims in his *Complaint* which were not set forth in his EEOC charge are barred as outside the scope of the charge.

SIXTH DEFENSE

If Plaintiff proves that any decision regarding his employment was motivated in whole or in part by his race or other unlawful intent, the Defendants will show that the same action would have been taken regardless of said unlawful intent.

SEVENTH DEFENSE

Defendants did not retaliate against plaintiff.

EIGHTH DEFENSE

There is no cause or connection between any alleged unlawful employment action asserted against the Board and any alleged protected conduct.

NINTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under Title VII.

TENTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under 42 U.S.C. § 1983.

ELEVENTH DEFENSE

Defendants did not discriminate against Plaintiff based upon his race.

TWELFTH DEFENSE

None of the decisions made by Defendants regarding Plaintiff's employment, including the decision not to retain Plaintiff was based on any protected conduct.

THIRTEENTH DEFENSE

The Defendants' interest in the orderly administration of the Montgomery County Public Schools outweighs any alleged interest or entitlement of Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff does not have a right to be promoted or assigned to a coveted position by the Defendants.

## FIFTEENTH DEFENSE

Defendant Barker, in his individual capacity, is entitled to qualified immunity because any action that he took was taken in good faith pursuant to his discretionary authority.

## SIXTEENTH DEFENSE

Defendant Todd, in his individual capacity, is entitled to qualified immunity because any action that he took was taken in good faith pursuant to his discretionary authority.

## SEVENTEENTH DEFENSE

Defendant Strength, in his individual capacity, is entitled to qualified immunity because any action that he took was taken in good faith pursuant to his discretionary authority.

## EIGHTEENTH DEFENSE

Defendant Casillas, in his individual capacity, is entitled to qualified immunity because any action that he took was taken in good faith pursuant to his discretionary authority.

## NINETEENTH DEFENSE

Defendants Barker, Todd, Strength, and Casillas are not employers under Title VII.

## TWENTIETH DEFENSE

Defendants Barker, Todd, Strength, and Casillas were not a final decision maker with respect to any employment decisions affecting Plaintiff.

## TWENTY-FIRST DEFENSE

There is no cause or connection between any allegedly unlawful conduct and any mental anguish or emotional distress suffered by Plaintiff.

## TWENTY-SECOND DEFENSE

Defendants are not subject to punitive damages under 42 U.S.C. § 1983.

## TWENTY-THIRD DEFENSE

An excessive award of damages for emotional distress (whether so labeled or whether referred to by any similar phrase describing non-economic, compensatory damages) in this action

would violate the due process and equal protection rights of the defendant pursuant to Amendment XIV of the Constitution of the United States.  Alabama's laws regarding emotional distress damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose.  Said laws do not provide Defendants with sufficient notice of the amount of such damages that might be awarded in a particular case.  Instructions given to jurors regarding such damages provide no meaningful limitation on the amount of damages that may be awarded and no constraint on the jury's award.  Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on and instructions to the jury at the trial.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

1.  The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2.  The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3.  The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4.  The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5.  The procedures permit multiple awards of punitive damages for the same alleged act.

6.   The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7.   The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8.   The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9.   The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

TWENTY-FIFTH DEFENSE

For response to each numbered paragraph of the Plaintiff's *Complaint*, these Defendants aver as follows:

Jurisdiction

1.   With regard to the allegations as contained in paragraph 1 of the Plaintiff's *Complaint*, these Defendants admit this Honorable Court has jurisdiction of the claims alleged, but deny that Defendants violated Plaintiff's rights.

Venue

2.   With regard to the allegations as contained in paragraph 2 of the Plaintiff's *Complaint*, these Defendants do not contest that venue is proper as alleged, however, Defendants deny that any unlawful employment practices were committed by Defendants.

Parties

3.   These Defendants admit the allegations as contained in paragraph 3 of the Plaintiff's *Complaint*.

4.   These Defendants admit the allegations as contained in paragraph 4 of the Plaintiff's *Complaint*.

5.   These Defendants admit the allegations as contained in paragraph 5 of the Plaintiff's *Complaint*.

6.   These Defendants admit the allegations as contained in paragraph 6 of the Plaintiff's *Complaint*.

7.   These Defendants admit the allegations as contained in paragraph 7 of the Plaintiff's *Complaint*.

8.   These Defendants deny the allegations as contained in paragraph 8 of the Plaintiff's *Complaint*.

9.   These Defendants deny the allegations as contained in paragraph 9 of the Plaintiff's *Complaint*.

## Procedural Requirements

10.   These Defendants deny the allegations as contained in paragraph 10 of the Plaintiff's *Complaint*.

11.   These Defendants deny the allegations as contained in paragraph 11 of the Plaintiff's *Complaint*.

12.   These Defendants deny the allegations as contained in paragraph 12 of the Plaintiff's *Complaint*.

## Nature of the Case

13.   These Defendants deny the allegations as contained in paragraph 13 of the Plaintiff's *Complaint*.

## Factual Background

14.   These Defendants deny the allegations as contained in paragraph 14 of the Plaintiff's *Complaint*.

15.   These Defendants deny the allegations as contained in paragraph 15 of the Plaintiff's *Complaint*.

16.   These Defendants deny the allegations as contained in paragraph 16 of the Plaintiff's *Complaint*.

17.   These Defendants deny the allegations as contained in paragraph 17 of the Plaintiff's *Complaint*.

18.   These Defendants deny the allegations as contained in paragraph 18 of the Plaintiff's *Complaint*.

19.   These Defendants deny the allegations as contained in paragraph 19 of the Plaintiff's *Complaint*.

20.   These Defendants deny the allegations as contained in paragraph 20 of the Plaintiff's *Complaint*.

21.  These Defendants deny the allegations as contained in paragraph 21 of the Plaintiff's *Complaint*.

22.  These Defendants deny the allegations as contained in paragraph 22 of the Plaintiff's *Complaint*.

23.  These Defendants deny the allegations as contained in paragraph 23 of the Plaintiff's *Complaint*.

24.  These Defendants deny the allegations as contained in paragraph 24 of the Plaintiff's *Complaint*.

## COUNT ONE
## RACE DISCRIMINATION - TITLE VII

25.  These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through twenty-four of Plaintiff's *Complaint*.

26.  These Defendants deny the allegations as contained in paragraph 26 of the Plaintiff's *Complaint*.

27.  These Defendants deny the allegations as contained in paragraph 27 of the Plaintiff's *Complaint*.

## COUNT TWO
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

28.  These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through twenty-seven of Plaintiff's *Complaint*.

29.  These Defendants deny the allegations as contained in paragraph 29 of the Plaintiff's *Complaint*.

30.  These Defendants deny the allegations as contained in paragraph 30 of the Plaintiff's *Complaint*.

31.  These Defendants deny the allegations as contained in paragraph 31 of the Plaintiff's *Complaint*.

## COUNT THREE
## PENDENT CLAIMS

32.  These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through thirty-one of Plaintiff's *Complaint*.

33.  These Defendants deny the allegations as contained in paragraph 33 of the Plaintiff's *Complaint*.

34.  These Defendants deny the allegations as contained in paragraph 34 of the Plaintiff's *Complaint*.

These Defendants deny that the Plaintiff is entitled to the relief requested in the Prayer for Relief contained in Plaintiff's Complaint.

DATED THIS the 30th day of June, 2005.

MONTGOMERY COUNTY BOARD OF
EDUCATION, CARLINDA PURCELL,
JIMMY BARKER, JACKY TODD,
MIKE STRENGTH, and MARK CASILLAS,
Defendants,


By:  */S/*  James R. Seale
     James R. Seale (3617-E-68J)
     Elizabeth Brannen Carter (3272-C-38E)
     Jayne L. Harrell (6544-Y-85H)
     HILL, HILL, CARTER,
        FRANCO, COLE & BLACK, P.C.
     Post Office Box 116
     Montgomery, Alabama 36101-0116
     (334) 834-7600
     (334) 263-5969 - fax
     E-mail: jrs@hillhillcarter.com
     E-mail: ecarter@hillhillcarter.com
     E-mail: jharrell@hillhillcarter.com
     Counsel for Defendants
     wwm/6630.0160/f:Answer.wpd


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendants Montgomery County Board of Education, Carlinda Purcell, Jimmy Barker, Jacky Todd, Mike Strength, and Mark Casillas to Plaintiff's Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Juraldine Battle-Hodge, Esquire (battleb@bellsouth.net) this the 30th day of June, 2005.

*/S/*  James R. Seale