**Montgomery Public Schools**
**Human Resources, Support Personnel**

**MEMORANDUM**

**To:**    **File**

**From:**    **Mark Casillas,**MC

**Date:**    **Monday, February 9, 2004**

**Subject:  Complaint by Bobby Garrison/Laborer I/Logistics Dept.**

On January 7, 2004, Mr. Casillas/HR, Mr. Barker/Asst. Supt HR, Mr. Garrison and Mr. Morris/MCEA met to discuss a complaint letter provided by Mr. Garrison. The letter cited several complaints including hiring practices, racial discrimination, and unfair and demoralizing treatment of blacks at the Logistics Dept.

> Garrison was interviewed for a Laborer III vacancy at Logistics. He feels "it was grossly unfair" that he was not given fair and equitable treatment.

> Garrison claimed "on many occasions" racial statements and assignments of demoralizing tasks were given to blacks. One claim cites a meeting held in Mr. Todd's/Logistics Director where he was spoken to in a very condescending manner in front of his co-workers. Garrison also claims Mike Strength/Laborer V/Logistics Dept. was present, had his feet propped up on the desk, just inches from his face. Another claim related was Strength giving a directive to "get out there and wash my car and wash Jacky Todd's car too".

> Garrison claims Strength "demoralizes blacks on a daily basis" and that "whites are promoted over blacks".

Mr. Garrison did not provide specific details, time or dates on the claims except for the meeting in Mr. Todd's office and the job interview. Most of his accusations were general and not specific in nature.

Mr. Casillas conducted interviews with the following Logistics personnel during the month of January 2004: Jacky Todd/Director, Jan McCullough/Sec. III, Chemeka Thomas/Sec. II, Shelli Brock/Sec II, Robert Brown/Laborer II, Ruth Simersky/Laborer I, Lee Walker/Laborer I, Ronald Cause/Laborer III, Terrell Price/Laborer II, Andre Glover/Laborer II, Joe Allen/Laborer II, Tommie Williams/Laborer I, Odeather Chapman/Laborer I, Theresa Williams/Laborer I, Lisa Brown/Laborer I, Matthew Sledge/Custodian, Shawn Robinson/Laborer III, Derrick Harvey/Laborer III, Joseph Haley/Laborer III,

DEFENDANT'S EXHIBIT
10

Lewis Gunter/Laborer III, Larry Self/Laborer III and Betty Smith/Sec. IV (previous logistics transferred to Title 1).

The following was derived from the interviews:

Todd, Strength and Smith conducted the interview for the Laborer III. Lewis, Garrison and Causey were interviewed. Based on the experience and work performance of each interviewee, Causey was considered the strongest candidate and recommended for the position. Smith listed Garrison as the least suitable candidate for the job.

A meeting was held in Mr. Todd's office, with those who work predominantly in the warehouse area. None of those present witnessed Strength with his feet up on a desk within inches of Garrison's face. It should be noted that if someone did have their feet up on a desk, it would take a person to bend over towards the desk to be inches from someone's feet. The meeting was to discuss the atmosphere and attempt to stop some of the bickering amongst workers in the warehouse. Garrison had been directed to wash Montgomery Public School vehicles.

Only one person gave any testimony that Strength had made any type of racial remarks. Price related Strength made a statement, approx 1 ½ years ago, as he walked into Strengths office, "ain't got no bananas in here". Price also stated that once while he was wearing a "do rag" on his head Strength commented that he could get rebel flag, "do rags", for his head at Wal-Mart.

Those interviewed did relate that Strength's language, tone and volume of voice and just the way he came across to people is rude, mean and insensitive. It is evident that Strength's conduct and interaction causes a morale issue within the Logistics Dept.

Strength denies making any racial or demoralizing comments about anyone. He denies the statements made by Price.

It was also evident that Garrison has a problem getting along with his co-workers at logistics. A majority of those interviewed indicated that he comes across too bossy and has had a number of disagreements with co-workers.

In conclusion, I find no unfair hiring practices, racial discrimination and unfair, demoralizing of anyone on a daily basis. I do note the comments witnessed by Price as isolated. No other testimony confirms Garrison's claims.