**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BOBBY GARRISON,** : | |
| : | |
| **PLAINTIFF,** : | |
| : | |
| -vs- : | **CASE NO. 2:05-CV-549-A** |
| : | |
| **MONTGOMERY COUNTY BOARD** : | |
| **OF EDUCATION, CARLINDA PURCELL,** : | |
| **JIMMY BARKER, JACKY TODD, MARK** : | |
| **CASILLAS AND MIKE STRENGTH,** : | |
| : | |
| **DEFENDANTS.** : | |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the Montgomery County Board of Education, Carlinda Purcell, Jimmy Barker, Mark Casillas, Jacky Todd and Mike Strength, Defendants in the above-styled cause, and submit this Reply Brief to Plaintiff Bobby Garrison's (hereinafter "Garrison") Brief in Opposition to Defendants' Motion for Summary Judgment.

**I.   STATEMENT OF FACTS**

Several of the assertions made by Garrison in his Statement of Facts are either conclusory, contradictory to his deposition testimony or unsupported by any evidence whatsoever.[1] For instance, regarding Garrison's allegation that white male Ronnie Causey was similarly situated to him, Plaintiff offers no evidentiary support for this allegation. (Opposition Brief p.4). In fact, there

---

[1]The majority of the allegations made by Garrison in his Statement of Facts are unsupported by evidence as required by the *Federal Rules of Civil Procedure*, this Court's Uniform Scheduling Order, Section 2 and this Court's December 15, 2005 Order regarding the filing of summary judgment materials:

> In all briefs...the discussion of the evidence...must be accompanied by a
> specific reference, by page and line, to where the evidence can be found in
> a supporting deposition or document.  Failure to make such specific refer-
> ence will result in the evidence not being considered by the Court.

Uniform Scheduling Order, Section 2.

is no dispute that Garrison was a Laborer I while Causey was a Laborer II, and later promoted to a Laborer III. (Garrison Depo. p.25 at lines 21-23, Todd Aff. ¶5).[2]

Regarding Garrison's allegation that he alone was called into a meeting where his supervisors and coworkers were already seated, again Garrison offers no evidence to support this claim. (Opposition Brief p.5). On the contrary, Garrison testified that he entered the room **with** his coworkers for the meeting. (Garrison Depo. p.40 at line 15-p. 41 at line 1). Garrison alleges that he "was told in so many words, 'to stay in his place.'" (Opposition Brief p.5). Again, Garrison offers no evidentiary support for this statement, which is not a direct quote, but his interpretation of some other unspecified statement.[3]

Regarding Garrison's allegations regarding cleaning out computers at Daisy Lawrence, again Garrison's supporting evidence is insufficient. (Opposition Brief pp.5-6). In addition, Garrison makes conclusory allegations which constitute neither evidence nor fact. (See e.g. "Even though Plaintiff was supplied with boots, gloves and a jumpsuit, it is doubtful that any employee would be allowed to work in such horrific conditions.")(Opposition Brief p.6).

Regarding Garrison's allegations that Strength made racial slurs, Garrison asserts that "[he] is aware of at least two racial slurs made by Defendant Strength" and that "Strength often made racial slurs." (Opposition Brief p.6). Again, this allegation lacks any evidentiary citation. Further,

---

[2] Defendants have not refiled evidence submitted in its original Motion for Summary Judgment. Additionally, Defendants have not referred to any evidence not already before the Court.

[3] Garrison also repeatedly relies on his Complaint as evidentiary support for allegations made in his Statement of Facts. (Opposition Brief pp.4,5,6,7,8). Merely repeating allegations made in a Complaint are insufficient as evidence to defeat a properly supported motion for summary judgment. Garrison must "go beyond the pleadings and...designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); See also *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)(holding that allegations made in an unverified complaint are not proper evidence by non-movant at summary judgment stage)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations...to get to a jury without any significant probative evidence tending to support the complaint.")(Internal quotations omitted).

Garrison's testimony was not that he was aware of "at least" two slurs, but that he was aware of **only** two. (Garrison Depo. p.77 at lines 1-3, p.103 at line 23-p.104 at line 5). Garrison goes on to offer commentary on the statements and the severity thereof. (Opposition Brief p.6). Such is argument, not evidence, and therefore, inappropriate. Personal opinions and conclusory allegations, in the absence of supporting evidence, are insufficient to withstand summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 and n.6 (11th Cir. 1997); See also *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991)("only evidence-not argument, not facts in the complaint-will satisfy" the burden).

With respect to the Laborer III position Garrison applied for, again, he offers no proper evidentiary support for the allegations he makes. (Opposition Brief pp.6-7). In addition, Garrison again, rather than offering evidence, concedes that he has nothing more than his opinion to support his allegation. (See e.g. "The only reason Plaintiff can fathom that Defendants did not afford him a fair opportunity to interview for the job was due to his race.") (Opposition Brief p.7).

Garrison's remaining allegations regarding complaints he made to the Board continue to fail to meet the evidentiary standard for evidence presented in opposition to a motion for summary judgment. (Opposition Brief p.7).

To the extent Garrison has failed to comply with the requirements of the Federal Rules of Civil Procedure and the orders of this Court, Defendants object to its consideration. However if the Court, in its discretion, deems the evidence adequate, Defendants assert that they are still entitled to summary judgment on the merits.

## II.  OFFICIAL CAPACITY CLAIMS NOT ADDRESSED

The individual Defendants asserted in their Memorandum Brief that they are entitled to summary judgment as to any claim brought against them in their official capacity. Garrison did not address this argument in his Opposition Brief and it should thereby deemed conceded.

> While the Court must view the facts and all inferences therefrom in a light most favorable to the nonmoving party, it does not follow that the Court must also construct legal arguments to support that party's position. Plaintiff's failure to respond to Defendant's legal arguments relating to a claim alone constitutes abandonment of the claim. *Burnette v. Northside Hosp.*, 342 F.Supp.2d 1128, 1140 (N.D.Ga. 2004) (finding that non-movant's failure to address a claim challenged on summary judgment warranted dismissal of that claim); *Bute v. Schuller Int'l, Inc.*, 998 F.Supp. 1473, 1477 (N.D.Ga. 1998) ("Because plaintiff has failed to respond to this argument or otherwise address this claim, the Court deems it abandoned."); *Welch v. Delta Air Lines*, 978 F.Supp. 1133, 1137 (N.D.Ga. 1997) ("Plaintiff's failure to respond to Defendant's argument alone entitles Defendant to summary judgment on these claims.").

*Otu v. Papa John's USA, Inc.*, 400 F.Supp.2d 1315 (N.D.Ga. 2005); See also *Belt v. Alabama Historical Commission*, 2005 WL 1653728 *7(S.D.Ala.)(holding that where Plaintiff failed to address argument raised on summary judgment, argument was conceded).

Defendants are entitled to summary judgment in their official capacities both on the merits of the argument made in the Memorandum Brief and in light of Garrison's failure to address the argument in his Opposition Brief.

### III. TITLE VII ANALYSIS

#### A. NO INDIVIDUAL LIABILITY NOT ADDRESSED

Garrison also failed to address Defendants' argument that no individual liability exists pursuant to Title VII. Again, Defendants are entitled to summary judgment in their individual capacities both on the merits of the argument made in the Memorandum Brief and in light of Garrison's failure to address the argument in his Opposition Brief.

#### B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

With respect to Defendants' argument that Garrison failed to exhaust his administrative remedies as to every claim except his termination claim, Garrison attempts to argue that each claim should be considered under the continuing violation doctrine. Garrison argues that because his EEOC Charge was filed within 180 days of his termination, all of his other claims which fall outside the statute of limitations, discrete or otherwise, should be permitted. However, in that argument,

Garrison wholly fails to acknowledge the distinction between his hostile work environment claims and his discrete acts claims. The appropriate handling of such claims is well settled:

> In cases involving discrete retaliatory or discriminatory acts such as termination of employment, failure to promote, denial of transfer, or refusal to hire, a discrete retaliatory or discriminatory act occurs on the day that it happens. [*National Railroad Passenger Corp. v.*] *Morgan*, [536 U.S. 101] 122 S.Ct. [2061,] 2070, 2073 [153 L.Ed.2d 106 (2002)]. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Id. at 2073. Consequently, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 2072. Each such act starts a new clock for filing charges. Id.

*Thomas v. Alabama Council on Human Relations, Inc.*, 248 F.Supp.2d 1105, 1115 (M.D.Ala. 2003). The only discrete act occurring within the statute of limitations is Garrison's termination and accordingly, Defendants are entitled to summary judgment as to any other discrete act complained of, specifically, the failure to promote.

With respect to the hostile work environment claims, Defendants have established that each of the acts alleged by Garrison occurred outside the statute of limitations and Garrison has not challenged Defendants' factual basis for making that assertion. Because none of his hostile work environment claims fall within the statute of limitations, the continuing violation doctrine does not apply and Defendants are entitled to summary judgment as to each of these claims.

### C.   HOSTILE WORK ENVIRONMENT CLAIMS

Even if Garrison's hostile work environment claims were timely filed, Defendants would still be entitled to summary judgment as Garrison cannot establish a prima facie case. Defendants refer the Court to its previous argument on this matter in their Memorandum Brief in Support of Defendants' Motion for Summary Judgment. To the extent Garrison suggests that the acts he complains of are not exhaustive, such would not be appropriate. (See e.g. "These among many other instances were unwelcome harassment based on his race." (Opposition Brief p.11) and

"There were a great number of such episodes that made Plaintiff's work environment sufficiently hostile. Included in these are..." (Opposition Brief p.12)). Both in his *Complaint* and his deposition, Garrison was given the opportunity to identify each of his allegations in great detail. Any attempt to now suggest additional incidents should be disregarded as an untimely and disingenuous attempt to establish a hostile work environment. Defendants are entitled to summary judgment as to each of Garrison's hostile work environment claims.

  D.  DISCRETE ACTS

With respect to his failure to promote claim, again, Garrison makes attempts to present facts without evidentiary support regarding his qualifications. Nevertheless, Garrison otherwise fails to establish that this claim is timely. He also offers no evidence of intentional discrimination, nor does he sufficiently establish that the Defendants' rationale for hiring Causey was pretextual. Accordingly, Defendants are entitled to summary judgment as to Garrison's failure to promote claim.

With respect to his termination, this is the only timely claim asserted by Garrison. That being said, Garrison does not make any attempt to even establish a prima facie case. (Opposition Brief pp.14-15). Garrison does not offer any evidence to contradict Defendants' assertion that he was replaced by a member of his protected class. He further does not offer any appropriate evidentiary support for his claim that he was terminated because of his race. His sole unsupported evidence regarding his termination is the testimony of Strength, who was neither the intermediate nor final decisionmaker for Garrison's termination. Garrison has not disputed that Todd made the recommendation to terminate Garrison to the Superintendent who in turn made the recommendation to the Board. Garrison further fails to contradict the legitimate, nondiscriminatory reasons asserted by Defendants for Garrison's termination. Accordingly, the Defendants are entitled to summary judgment as to Garrison's termination claim.

**IV.    SECTION 1983**

Garrison has failed to appropriately rebut or respond to Defendants' arguments regarding his §1983 claim. Defendants raised concern regarding what Garrison's §1983 claim was in the Memorandum Brief. Garrison seems to address that concern as follows: "Plaintiff has shown that he was deprived of an actual constitutional right in at least two instances: (1) Title VII Violation and (2) 42 U.S.C.S. Sec. 1983." (Opposition Brief p.16). As previously argued, "[s]ection 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Garrison does not respond to Defendants' argument that a Title VII claim cannot be the sole basis for a §1983 claim. (Memorandum Brief p.30).

Garrison did not adequately identify a constitutional violation. That being said, assuming Garrison has somehow met the "heightened pleading" standard for §1983 cases and appropriately identified a constitutional violation pursuant to §1983, Garrison's only argument relates specifically and directly to Title VII alone. Even if a §1983 claim is recognized, said claim fails for the same reasons that Garrison cannot maintain his Title VII claim.

Further, Garrison has failed to identify a policy or custom that was the moving force behind some constitutional violation. He has additionally failed to identify a decisionmaker with final policy-making authority that violated any protected right whatsoever. As such, summary judgment is due to be granted in favor of the Board.

Garrison has further failed to establish that the individual Defendants are not entitled to qualified immunity for the claims made against them in their individual capacities. He does not contest that the Defendants were working within their discretionary function nor does he make any attempt to establish that any action taken was in violation of clearly established law. Garrison has

not adequately stated and has certainly not adequately supported a §1983 claim based on Title VII for the reasons previously stated in this brief or any other constitutional violation. Accordingly, Defendants are entitled to summary judgment as to Garrison's §1983 claims.

## V.   STATE LAW CLAIMS

### A.   IMMUNITY

Garrison does not address Defendants' argument that they are entitled to sovereign and/or discretionary function immunity for his wantonness claim. Such a failure should act as a concession to Defendants' argument and Defendants are entitled to summary judgment on the wantonness claim.

### B.   WANTONNESS

Garrison makes the conclusory statement that "The manner in which Plaintiff has been treated is wanton." (Opposition Brief p.17). Garrison's wantonness claim relates to the improper training of Strength. Garrison has presented no evidence that Strength was improperly trained and again, has failed to rebut Defendants' assertion that they entitled to sovereign and/or discretionary function immunity for this claim. Accordingly, Defendants are entitled to summary judgment as to Garrison's wantonness claim.

## VI.   CONCLUSION

Wherefore the premises having been considered, the Defendants respectfully request the Court to grant the Defendants' Motion for Summary Judgment and dismiss the Plaintiff's claims as a matter of law.

Respectfully Submitted this 11th day of January, 2005.

                MONTGOMERY COUNTY BOARD OF EDUCATION, CARLINDA PURCELL, JIMMY BARKER, JACKY TODD, MIKE STRENGTH AND MARK CASILLAS, DEFENDANTS,

                /s/ James R. Seale
                James R. Seale (3617-E-68J)
                Elizabeth Brannen Carter (3272-C-38E)
                Jayne L. Harrell (6544-Y-85H)

OF COUNSEL:

*HILL, HILL, CARTER, FRANCO,*
  *COLE & BLACK, P.C.*
425 South Perry Street
Post Office Box 116
Montgomery, AL 36101-0116
(334) 834-7600 phone
(334) 263-5969 fax
JRS@HillHillCarter.com
JHarrell@HillHillCarter.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have electronically filed the foregoing *Defendants' Reply Brief to Plaintiff's Opposition Brief to Defendants' Motion for Summary Judgment* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system which will send notification of such filing to Juraldine Battle-Hodge (battleb@bellsouth.net) this the 11th day of January, 2006.

                /s/ James R. Seale